IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------  :
                                                        : CASE NO.  1:05 CV 2441
DIANA L. VISTEIN,                                       :
                                                        :
                              Plaintiff,                : <u>MEMORANDUM OF OPINION AND</u>
                                                        : <u>ORDER GRANTING IN PART AND</u>
              -vs-                                      : <u>DENYING IN PART THE</u>
                                                        : <u>DEFENDANT'S MOTION FOR COSTS</u>
                                                        :
THE AMERICAN REGISTRY OF                                :
RADIOLOGIC TECHNOLOGISTS,                               :

                              Defendant.
------------------------------------------------------

UNITED STATES DISTRICT JUDGE LESLEY WELLS

     Before the Court is a motion for costs submitted by the defendant, the American Registry of Radiologic Technologists ("ARRT") (Doc. 71).  The plaintiff Diana L. Vistein has filed an opposition (Doc. 82), to which the ARRT has replied (Doc. 83).  To support its motion, the ARRT has provided affidavits and invoices describing some of the costs that were incurred over the course of this litigation.  (Docs. 71, 81, 84).  For the following reasons, the Court will grant in part and deny in part the defendant's motion.

     **I. Background**

     On 13 September 2007, this Court issued an order which granted in part and denied in part the ARRT's motion for summary judgment.  (Doc. 70).   The Court ruled that Ms. Vistein was "required to indemnify the ARRT with respect to its losses, costs,

expenses, damages, judgments, and attorneys' fees incurred in asserting her due process claim." Vistein v. American Registry of Radiologic Technicians, 509 F.Supp.2d 666, 677 (N.D. Ohio 2007). Prior to entry of judgment, the ARRT filed a motion for attorney's fees and costs totaling $154,434.39, to which Ms. Vistein did not object. (Doc. 71). The parties then filed a stipulation on 14 November 2007 in which they agreed to round down that figure to $150,000. (Doc. 72). In the stipulation, Ms. Vistein did "not concede that [the] order for such fees was appropriate, only that [the] amount is correct under the terms of the Court's order." (Doc. 72). The parties further agreed to dismiss the claims that survived the Court's 13 September order, and those claims were dismissed on 29 November 2007. (Doc. 73).

On 28 December 2007, Ms. Vistein filed a notice of appeal with the Sixth Circuit. (Doc. 75). On 13 August 2009, the Court of Appeals affirmed this Court's order granting summary judgment to the defendant on Ms. Vistein's due process and tortious interference claims, but reversed the Court's award of attorney's fees to the ARRT. See Vistein v. The American Registry of Radiologic Technologists, 342 Fed.Appx. 113, 2009 WL 2475330 (6th Cir. August 13, 2009). On the latter point, the Court of Appeals ruled that the boilerplate indemnification provision, which this Court found obligated Ms. Vistein to pay reasonable attorney fees to The ARRT, is void as against the public policy of Ohio. Id. at *125. The Court of Appeals' ruling left intact any entitlement that the ARRT might have to the recovery of costs. Id. at *130. Because this Court's original order did not distinguish between the amount awarded as attorney's fees and the amount awarded as costs, the Court of Appeals remanded for a determination of the costs to be awarded to the ARRT. Id. at *130.

2

On 23 November 2009, at the request of this Court, the ARRT filed a supplemental affidavit designating $13,264.14 as recoverable costs, which it claims were reasonably and necessarily incurred in defense of this suit. (Doc. 81). Specifically, the ARRT asks the Court to grant the following:

| Filing Fee | $457.65 |
|---|---|
| Admission Fees | $380.00 |
| PACER charges | $61.92 |
| Westlaw/Lexis | $3,325.62 |
| Telephone Charges | $47.86 |
| Facsimile | $40.06 |
| Travel Expenses | $2,165.39 |
| Court Reporter | $2,202.75 |
| Copy Charges | $2,571.51 |
| Delivery Charges | $943.51 |
| Expert Witness | $988.00 |
| Business Meals | $6.91 |
| Postage | $72.96 |
| **Total:** | $13,264.14 |

The ARRT has supported this request with reference to its original bill of costs. (See Doc. 71).

Ms. Vistein objects to the ARRT's requested costs. (Doc. 82). She maintains that the ARRT cannot recover admission fees, Westlaw and Lexis fees, facsimile charges, postage, travel expenses, and business meals, because these expenses, on their face, do not fit within any category of taxable costs under 28 U.S.C. § 1920, the federal statute enumerating the sort of expenses to which a prevailing party is entitled.

3

(Doc. 82, p. 3). She concedes that court reporter and photocopy expenses are recoverable under Section 1920, but insists that in this case, these costs should be denied, or at least reduced, because the ARRT did not adequately itemize these expenses, so that a determination of their reasonable necessity can be made. (Doc. 82, pp. 4-7).

In response, the ARRT advances three arguments. First, it maintains that Ms. Vistein's reliance on 28 U.S.C. § 1920 is misplaced because the ARRT did not move for costs under the Federal Rules. Rather, the ARRT argues, it is entitled to costs by the terms of a contract between it and Ms. Vistein, which state that she must indemnify the ARRT for "all claims, losses, costs, expenses, [and] damages." As such, because these contract terms govern the issue of costs, Ms. Vistein may not consider the issue with reference to the statute and its case law. According to the ARRT, Ms. Vistein is contractually bound to pay all its requested expenses.

Second, the ARRT argues that because Ms. Vistein never objected to its bill of costs prior to her appeal to the Sixth Circuit, she has waived her rights to object now.

Lastly, with respect to court reporter and photocopy costs, the ARRT argues that even if Ms. Vistein is entitled to object, the Court should reject her arguments because she has failed to identify any particular entry in its bill of costs that is not recoverable as a loss, cost, expense, or part of damages under their agreement. According to the ARRT, it is entitled to the full amount requested under Trepel v. Roadway Express, because Ms. Vistein "did not supply any evidence that [its] costs were not actually incurred." Trepel v. Roadway Express, Inc., 266 F.3d 418, 425 (6th Cir. 2001).

4

**II. The ARRT's Preliminary Arguments**

The Court will first address the ARRT's preliminary arguments: (A) that Ms. Vistein may not rely on 28 U.S.C. § 1920 and case law interpreting it, in support of her arguments that some of the charges and disbursements sought by the ARRT do not qualify as recoverable costs; and (B) that Ms. Vistein has waived her right to object to the ARRT's motion for costs.

**A. Reliance on 28 U.S.C. § 1920 and its case law**

Ordinarily, after judgment is entered, the prevailing party to an action submits a bill of costs pursuant to Federal Rule 54(d). See Fed.R.Civ.P. 54(d); 28 U.S.C. § 1920. Those costs will be awarded so long as they are consistent with the types of expenses enumerated in 28 U.S.C. § 1920. See 28 U.S.C. § 1920. The district court may not award as costs expenses that are not specifically authorized by this statute. Crawford Fitting Co. v. J.T. Gibbons, Inc, 482 U.S. 437, 441-42 (1987).

The ARRT, however, argues that its award of costs should not be limited by 28 U.S.C. § 1920, and that the Court should reject Ms. Vistein's arguments that rely on this provision, because the ARRT's right to recover costs arises by contract and not by statute. (Doc. 83, p. 3). The ARRT maintains that under Crawford Fitting a federal court is bound by these statutory limitations on costs, only in the absence of a contract to the contrary. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437 (1987). That is, the ARRT suggests, where the parties have specifically agreed otherwise, the prevailing party may be entitled to costs in addition to those enumerated in Section 1920. See id.

5

The ARRT contends that its agreement with Ms. Vistein requiring her to indemnify it for "losses, costs, expenses, and damages arising from her pursuit of her due process claim" is a "contract to the contrary."  As such, recovery of its costs should be controlled by the contract terms and not those of 54(d) or 28 U.S.C. § 1920.   The ARRT maintains that under Ohio law, the clear and unambiguous language of the agreement forecloses the Court from "resort[ing] to construction of that language." Waste Mgmt., Inc. v. Rice Danis Indus. Corp., 257 F. Supp. 2d 1076, 1083 (S.D. Ohio 2003).  The ARRT apparently argues that the Court is limited to the terms of the contract in determining whether the ARRT's requested expenses are costs or attorney's fees.

First, the Court of Appeals instructed this Court to separate allowable costs from impermissible attorney's fees.  Acceptance of the ARRT's argument would leave the Court without any guidance as to how to distinguish the two.  Because the ARRT's interpretation of the contract would place no limit on what is recoverable, the question of whether an expense is to be classified as a cost or an attorney's fee must be addressed with reference to established law.  The Court will not heedlessly accept the ARRT's contention that all its purported costs are permissible.

Second, the ARRT suggests that the words "losses," "expenses," and "damages" should entitle it to something more than those costs enumerated under Section 1920, but it is unable to demonstrate how its right to costs under the contract would be any different or greater than its right under 28 U.S.C. § 1920.  The language "losses, costs, expenses, [and] damages" is not the sort of "contract to the contrary" mentioned in Crawford Fitting that would foreclose the Court's use of Section 1920 case law when

6

identifying permissible costs. The ARRT provides no argument indicating how it might be so, nor does it address how these words might, in this context, encompass something more than what is expressly authorized in Section 1920. The contract provides nothing specific as to what additional costs might be available to the ARRT, and it cannot, therefore act as an exclusive guide as to whether any are available.[1]

As it stands, the contract language cited by the ARRT provides no guidance to the Court in carrying out the instructions of the Court of Appeals. The Court must determine whether the expenses requested by the ARRT qualify as recoverable costs, and to do so it will rely on 28 U.S.C. § 1920 and any case law that might guide the Court in separating costs from fees.

### B. Did Ms. Vistein waive her right to object to the ARRT's bill of costs?

The ARRT also argues that because Ms. Vistein did not object to its bill of costs prior to her appeal from the judgment of this Court, that she is not entitled to do so now. This argument is not well taken. Even if the Court were to accept that Ms. Vistein had waived her right to object to the bill of costs following the entry of judgment against her, that waiver would not apply now, since the Court of Appeals' order reversing this Court's judgment has reopened the issue for the Court's consideration and the parties'

---

[1] This conclusion would perhaps be different if the ARRT could direct the Court to contract language that would explicitly allow for recovery of a particular cost not provided for under Section 1920. For instance, 28 U.S.C. § 1920 does not expressly allow for recovery of fees paid to the prevailing party's own expert witnesses in excess of an amount set out in Section 1821, but Crawford Fitting does allow for the recovery of such expert fees when the parties have expressly agreed to it. In a case where it is evident that the parties had specifically agreed to shift expert fees, the Court would be bound to follow the language of the contract. However, in this case, the very general language "losses, costs, expenses, [and] damages" does not evidence a "contract to the contrary" that would require strict adherence to its terms.

7

arguments. Accordingly, Ms. Vistein is entitled to object to the ARRT's proposed costs, and the Court will consider her arguments.

### III. Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920

In pertinent part, Rule 54(d) provides: "Unless a federal statute, these rules, or a court order provides otherwise, costs–other than attorney's fees–should be allowed to the prevailing party." Fed. R. Civ. P. 54(d).   The expenses that may be taxed as a cost under the discretionary authority found in 54(d) are enumerated in Title 28 U.S.C. § 1920.  That statute provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> > (1) Fees of the clerk and marshal;
> >
> > (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> >
> > (3) Fees and disbursements for printing and witnesses;
> >
> > (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> >
> > (5) Docket fees under section 1923 of this title;
> >
> > (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C. § 1920.  When considering an award of costs under Rule 54(d), the Supreme Court has cautioned that,

> We do not read that Rule as giving district judges unrestrained discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur in

8

>the conduct of his case. Items proposed by winning parties as costs should always be given careful scrutiny. Any other practice would be too great a movement in the direction of some systems of jurisprudence that are willing, if not indeed anxious, to allow litigation costs so high as to discourage litigants from bringing lawsuits, no matter how meritorious they might in good faith believe their claims to be.

Farmer v. Arabian Am. Oil Co., 379 U.S. 227, 235 (U.S. 1964).  Under careful scrutiny, a prevailing party may not recover as costs expenses that are not specifically authorized by 28 U.S.C. § 1920. See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987).

The party seeking costs must not only show that the costs claimed are recoverable, but must also provide sufficient detail and sufficient documentation regarding those costs in order to permit challenges by opposing counsel and meaningful review by the Court.  Lee v. American Eagle Airlines, Inc., 93 F .Supp.2d 1322, 1335 (S.D.Fla.2000); Green Constr. Co. v. Kansas Power & Light Co., 153 F.R.D. 670, 675 (D. Kan. 1994).

### IV. Analysis

#### A. Filing Fees

The ARRT seeks $457.65 in filing fees, and Ms. Vistein does not object.  A prevailing party is entitled to fees of the clerk and the marshal under 1920(1). Therefore, the Court will grant the ARRT's request for $457.65 in filing fees.

#### B. Admission Fees

The ARRT seeks $380.00 in pro hac vice admission fees as a recoverable cost. (Doc. 71-2, p. 15).  Neither Rule 54 nor Section 1920 specifically authorize pro hac vice

9

admission fees as a taxable cost, and this Court is persuaded by those courts that have found such fees unrecoverable under Section 1920. See, e.g., Abrams v. Van Kampen Funds, Inc., 2006 U.S. Dist. LEXIS 6778 at *14-15 (N.D. Ill. Feb. 21, 2006) (holding that pro hac vice fees are not recoverable as costs because "[i]t is the attorney's choice as to where to seek admission and where to practice"); Montgomery County v. Microvite Corp., 2004 U.S. Dist. LEXIS 8611 at *11-12 (E.D. Pa. May 13, 2004) (holding that pro hac vice fees are an expense of counsel that is not normally charged to a fee-paying client and therefore not recoverable as costs under Section 1920); Schmitz-Werke GMBH + Co. v. Rockland Indus., Inc., 271 F.Supp.2d 734, 745 (D.Md. 2003) (holding that pro hac vice fees are an expense of counsel, and therefore are not recoverable under Section 1920); Covert v. U.S., 2003 U.S. Dist. LEXIS 25098 at *2 (E.D.Tex. Oct. 23, 2003) (holding that pro hac vice fees are an expense of counsel such as a licensing fee or bar dues, and therefore are not recoverable). The ARRT has cited no authority otherwise. Accordingly, the Court denies the ARRT's $380.00 in pro hac vice admission fees.

### C. Westlaw and LexisNexis Research Expenses

The ARRT maintains that online legal research fees of $3325.62 with Westlaw and Lexis should be classified as a recoverable cost. In Texler v. Board of Mental Retardation, the Sixth Circuit Court of Appeals held that the district court did not abuse its discretion by denying Lexis fees as a taxable cost under Section 1920. Texler v. County of Summit Bd. of Mental Retardation, 25 F.3d 1050, 1994 WL 252938 (6th Cir. 1994). While Texler did not directly address the question of whether Westlaw and Lexis charges can only be recovered as a part of attorney's fees, other courts have answered

this question in the affirmative. See, e.g., U.S. for Use and Benefit of Evergreen Pipeline Const. Co., Inc. v. Merritt Meridian Const. Corp., 95 F.3d 153 (2nd Cir. 1996); Haroco, Inc. v. Amer. Nat. Bank & Trust Co., 38 F.3d 1429, 1441 (7th Cir. 1994); Anderson v. Wilson, 357 F.Supp.2d 991, 1001 (E.D. Ky. 2005). This Court agrees with the reasoning of the Seventh Circuit in Haroco, that such expenses are appropriately considered a part of attorney's fees:

> The added cost of computerized research is normally matched with a corresponding reduction in the amount of time an attorney must spend researching. Therefore, we see no difference between a situation where an attorney researches manually and bills only the time spent and a situation where the attorney does the research on a computer and bills for both the time and the computer fee. In both cases the total costs are attorney's fees and may not be recovered as "costs."

Haroco, 38 F.3d at 1441. Therefore, because the ARRT's Westlaw and Lexis charges are not properly considered a part of its costs, they will be denied.

### D. Court Reporter Expenses

The ARRT seeks $2202.75 in court reporter expenses. (Doc. 83, p.6). These expenses include the deposition transcripts of Ms. Vistein and two other individuals. (Doc. 71-2, pp. 30, 76). "Ordinarily, the costs of taking and transcribing depositions reasonably necessary for the litigation are allowed to the prevailing party." Sales v. Marshall, 873 F.2d 115, 120 (6th Cir. 1989). The burden of initially identifying which particular deposition costs are unreasonable and unnecessary is on the party challenging the award of costs. See White and White Inc v. American Hosp. Supply Corp., 786 F.2d 728, 732 (6th Cir. 1986).

Ms. Vistein does not outright challenge the reasonable necessity of the depositions themselves, and indeed such a challenge would likely be unsuccessful, as

11

both parties used the depositions throughout the litigation.  (See Docket Nos. 56, 58, 60, 63, 64).  She does, however, contend that the ARRT has not provided a sufficiently detailed breakdown of the costs, and as a result, she is unable to determine whether the $2202.75 court reporting expense includes costs related to various convenience services that would not be recoverable under Section 1920.  (Doc. 82, p. 6).

For instance, she notes that in the Sixth Circuit certain services, such as minuscripts,[2] key word indices, and computer disc copies of transcripts, among others, are not recoverable under Section 1920.  See Baker v. First Tenn. Bank Nat'l Ass'n, 1998 U.S. App. LEXIS 5769, at *17 (6th Cir. March 19, 1998)("[e]xpenditures for a computerized litigation support system are not taxable costs under section 1920"); Elabiad v. Trans-West Express, LLC, 2006 U.S. Dist. LEXIS 48252, at *6 (costs for condensed transcripts are not recoverable); Northbrook Excess & Surplus Ins. Co. v. Proctor & Gamble Co., 924 F.2d 633, 643 (7th Cir. 1991)(holding that minuscripts, keyword indices, and computer disc copies are not taxable costs).  She contends, therefore, that because the ARRT's insufficiently detailed bill of court reporting costs may be hiding unrecoverable costs for convenience services, the requested amount of $2202.75 should be reduced or denied in its entirety.  (Doc. 82, p. 6-7).

The Court agrees with Ms. Vistein that the ARRT has not itemized its court reporting costs in sufficient detail so that a determination of their reasonable necessity can be made.  See Northbrook Excess, 924 F.2d at 642 ("in order to award costs to a prevailing party, the court must determine that the expenses are allowable cost items

---

[2] A minuscript refers to a condensed version of a transcript.

and that the amounts are reasonable and necessary"). The invoices indicate that on 13 February 2006, Mehler & Hagestrom took the deposition of Ms. Vistein which cost $1,644.75. (Docket 71-2, p. 30). They also show that Brausen Court Reporting took the depositions of M. Gehrig and T. Kraker on 26 September 2006 and 3 October 2006, for a total of $558.00. (Docket 71-2, p. 76). The invoices provide no further itemization, leaving the Court to guess whether impermissible charges for convenience services are included in the total. Including this sort of "information is critical because the expense of various convenience services . . . is not within the scope of 1920(2)." Summit Technology, Inc. v. Nidek Co., 435 F.3d 1371, 1380-81 (Fed. Cir. 2006)(reversing when it found that the district court could not have determined whether the expenses at issue were "necessarily obtained for use in the case" when the prevailing party did not indicate who was deposed or what services were provided).

Furthermore, the figures provided by the ARRT appear questionable on their face. Based on the ARRT's invoices, Ms. Vistein's deposition cost $6.35 per page (259 pages for $1644.75), and the Kraker and Gehrig depositions apparently cost $2.90 per page (a total of 111 pages for $558). While these calculations do not account for hourly fees or appearance fees that may have legitimately inflated the cost of the Vistein deposition, the Court has no way of knowing whether such fees were figured into the total. Without any explanation as to why Ms. Vistein's deposition cost more than twice per page than the Kraker and Gehrig depositions, the Court will not grant the ARRT the total amount requested.

The Court rejects the ARRT's argument that under Trepel v. Roadway it should be granted the full amount requested since Ms. Vistein "did not supply any evidence

13

that [its] costs were not actually incurred" Trepel v. Roadway Express, Inc., 266 F.3d 418, 425 (6th Cir. 2001).  In Trepel, the prevailing party provided the district court with a detailed list of travel expenses, along with an affidavit in which the attorney swore the expenses were correct and that the services for which they were charged were actually and necessarily performed.  Id.  The district court awarded only a portion of these expenses because the prevailing party did not provide receipts as proof.  Id.  The Court of Appeals reversed and restated existing law that a prevailing party is not required to provide receipts to substantiate its travel expenses.  Id.  The court held that the attorney's affidavit was sufficient to prove that the listed expenses were actually incurred.  Id. at 426.

Trepel is inapposite to the present case, because the issue here is not whether the ARRT has provided sufficient proof that its court reporting costs were actually incurred.  In fact, this Court, pursuant to Trepel, has no doubt that $2202.75 in court reporting costs were actually incurred, based on the affidavit of counsel.  What is in doubt, and what Trepel does not address, is whether the ARRT's invoice is specific enough for the Court to determine whether the entire amount of $2202.75 is *recoverable* as a reasonable and necessary court reporting cost.  The unsuccessful party in Trepel did not challenge the bill of costs as lacking in specificity, as Ms. Vistein has.  Rather, that party challenged whether specifically enumerated costs had been actually been incurred.  Therefore, Trepel does not resolve the issue before the Court.

Trepel would help the ARRT, perhaps, if Ms. Vistein were questioning whether the depositions had actually occurred or not, but Trepel cannot stand for the proposition that a prevailing party's bill of costs is suddenly immune from scrutiny simply because

14

counsel has filed an affidavit in which she swears that all costs were reasonably and necessarily incurred.  While counsel's affidavit can take the place of receipts as a means of proof, it is not a substitute for a detailed list of expenditures.  See Lee v. American Eagle Airlines, Inc., 93 F .Supp.2d 1322, 1335 (S.D.Fla.2000)(the prevailing party must provide sufficient detail regarding costs in order to permit challenges by opposing counsel and meaningful review by the Court).  The ARRT's sworn statement that the "costs were reasonably and necessarily incurred" simply does not assist the Court in its own determination whether the costs were reasonable and necessary.

Ms. Vistein has shown "circumstances sufficient to overcome the presumption favoring an award of costs" as to the ARRT's court reporting expenditures, because the ARRT has failed to adequately document these expenses.  See White & White Inc., 786 F.2d at 732.  Therefore, the Court in its discretion will grant those expenses in part, reducing the amount recoverable by one-third, from $2,202.75 to $1,468.50.

### E. Photocopy Charges

The ARRT seeks $2,571.51 in photocopy charges.  As a general rule, a prevailing party can recover costs to photocopy "papers necessarily obtained for use in the case."  See 28 U.S.C. § 1920(4).  Recoverable costs include "costs for photocopying documents necessary for maintenance of the action, including copies attributable to discovery, copies of pleadings, correspondence, documents tendered to the opposing party, copies of exhibits, and documents prepared for the court's consideration."  Falor v. Livingston County Community Mental Health, 2003 WL 23220759, at *5 (W.D. Mich. 2003)(quoting Jordan v. Vercoe, 1992 WL 96348, at *1

15

(6th Cir. May 7, 1992)). Copying costs are generally limited to "those costs incurred for copies of documents prepared for the court's consideration or for the opposing party." Pion v. Liberty Dairy Co., 922 F. Supp. 48, 53 (W.D. Mich. 1996).

Copies obtained only for the convenience of counsel, including extra copies of filed papers and correspondence, are ordinarily not recoverable. Fla. Keys Citizens Coalition, Inc. v. United States Army Corps of Eng'rs, 386 F. Supp. 2d 1266, 1270 (S.D. Fla. 2005). Where it appears that a party's non-itemized request for photocopying charges includes amounts that are not reimbursable under Section 1920(4), the court may reduce the number of copies to account for copies obtained for the convenience of counsel rather than for use in the case. See In re Merritt Meridian Constr. Corp., 95 F.3d 153, 173 (2d Cir. 1996)(affirming 70% reduction of non-itemized photocopying costs to reflect court's estimate of cost of photocopying exhibits and papers submitted for trial); Rice v. Sunrise Express, Inc., 237 F. Supp. 2d 962, 981 (N.D. Ind. 2002) (reducing copies by 20% to account for possibility that some were made for convenience of counsel).

The burden is on the party seeking reimbursement for photocopying costs to show that the copies were necessary for use in the case. Hartford Financial Srvcs. Group, Inc. V. Cleveland Public Library, 2007 U.S. Dist. LEXIS 22528, at *21-22 (N.D. Ohio March 28, 2007). The description of those costs need not be "so detailed as to make it impossible economically to recover photocopying costs," but it must be "the best break down obtainable from retained records." Rice, 237 F. Supp. 2d at 981 (quoting Northbrook Excess and Surplus Ins. Co. v. Procter & Gamble Co., 924 F.2d 633, 643 (7th Cir. 1991)). The Sixth Circuit has cautioned that a court should not "rubber stamp"

16

a party's photocopying expenses. Bowling v. Pfizer, Inc., 132 F.3d 1147, 1152 (6th Cir. 1998)("allowing a several thousand dollar payment for photocopying expenses without looking into the cost per photocopy is exemplary of an impermissible laxity").

The ARRT has not met its burden to show that the copies for which it seeks reimbursement were necessary for use in the case. The ARRT's bill of costs contains over twenty entries related to photocopies, and of those entries, only four show the number of copies and cost per copy. (Doc. 71-2, pp. 86, 89, 92, 95). And nowhere in its 156 page bill of costs, has the ARRT described the purpose for which any copy was made. As a consequence, the Court cannot tell whether the total amount includes unrecoverable costs for convenience copies or for some other nonessential purpose. The ARRT had an opportunity to clarify these expenditures, but instead of addressing Ms. Vistein's challenge, it simply ignored it and urged the Court to do the same. However, the Court may not rubber stamp the ARRT's photocopying costs. Because no determination can be made as to whether the copies were necessary for use in the case, the Court in its discretion will deny in part the ARRT's request for photocopying costs.

The Court rejects the ARRT's arguments under Trepel v. Roadway, for the same reasons discussed above. See supra, sec. IV.D. Counsel's affidavit is not a substitute for an itemized list of expenditures.

Being mindful both of the amount of paper likely required in a litigation of this length and of the risk of penalizing Ms. Vistein for the ARRT's insufficient documentation, the Court concludes that a reduction of 75% is reasonable. Therefore, the Court will grant the ARRT $642.88 in photocopy costs.

17

### F. Expert Witnesses, Attorney Travel, PACER, Telephone, Fax, Delivery, and Business Meal Expenses

The ARRT seeks $988.00 in expert witness fees.  In the Sixth Circuit, "expert witness fees may not be taxed as costs at a court's discretion under rule 54(d) because Section 1920 does not provide for them."  L & W Supply Corp. v. Acuity, 475 F.3d 737 (6th Cir. 2007).  Therefore, the Court will deny the ARRT's request for $988.00 in expert fees.

The ARRT also seeks $2,165.39 for attorney travel expenses, $61.92 in PACER charges, $87.92 in telephone and fax expenses, $943.51 in delivery charges, and a $6.91 business meal expense.  (Doc. 81, p. 2; Doc. 71-2, pp. 27, 66, 76).  Not one of these expenses is authorized as a taxable cost under Section 1920.  See 28 U.S.C. § 1920; Wyandotte Sav. Bank v. N.L.R.B., 682 F.2d 119, 120 (6th Cir. 1982)(attorney travel expenses not recoverable under Section 1920); Elabiad v. Trans-West Exp., LLC, 2006 WL 1866137 (N.D.Ohio June 30, 2006)(postage, shipping and handling charges, facsimile costs, and computer research and are not taxable under Section 1920).  Doria v. Class Action Services, LLC, 261 F.R.D. 678 (S.D. Fla.,2009) (PACER fees, facsimile fees, attorney travel, long distance telephone charges, legal services, and messenger service fees are nonrecoverable under Section 1920).  The ARRT cites no other legal authority which would entitle it to these expenses.  Therefore, they are denied.

**V. Conclusion**

For the foregoing reasons, the ARRT's motion for costs is granted in part and denied in part, as follows:

    1. Filing fees of $457.65 are granted.

    2. PACER fees are denied.

    3. Pro hac vice admission fees are denied.

    4. Westlaw and Lexis fees are denied.

    5. Telephone charges are denied.

    6. Facsimile charges are denied.

    7. Attorney travel expenses are denied.

    8. Court reporter costs are granted in part for a total of $1,468.50.

    9. Photocopy costs are granted in part for a total of $642.88.

    10. Delivery charges are denied.

    11. Expert witness fees are denied.

    12. The business meal expense is denied.

IT IS SO ORDERED.

                                                 /s/ Lesley Wells  
                                          UNITED STATES DISTRICT JUDGE

Date:  10 March 2010